UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-62488-RUIZ/STRAUSS

MARGUERITE T. MARTIN,

    Plaintiff,

v.

TELEPERFORMANCE, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER came before the Court upon Defendant, TPUSA, Inc.'s Verified Motion to Tax Costs and Incorporated Memorandum of Law [DE 95] ("Motion").  The Motion was referred to the undersigned to take all necessary and proper action as required by law [DE 96]. The undersigned has reviewed the Motion and the record in this case.  For the reasons discussed herein, the undersigned **RECOMMENDS** that the Motion [DE 95] be **GRANTED** and that Defendant be awarded costs in the amount of **$1,586.43**.

**I.     BACKGROUND**

On January 28, 2020, the Court entered a Final Judgment [DE 87] in favor of Defendant. Based upon the Final Judgment, Defendant is clearly the prevailing party in this case.  As such, Defendant filed the Motion on February 24, 2020.  Pursuant to the Motion, Defendant seeks to tax costs of $1,586.43 that were incurred in connection with Plaintiff's deposition.  The amount sought excludes a fee that Defendant paid to expedite the transcript.  Plaintiff's response to the Motion was due by March 9, 2020.  However, Plaintiff did not file any response to the Motion.  Therefore, the Motion is ripe for consideration.

## II. LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in section 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III.     ANALYSIS

As Defendant is the prevailing party, Defendant is entitled to recover costs in accordance with Rule 54. As mentioned above, Defendant seeks to recover $1,586.43 related to Plaintiff's deposition. Defendant does not seek to recover any other costs in this matter.

The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(1). In other words, deposition transcript costs are generally taxable if the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). To satisfy the necessarily obtained requirement, a deposition must only appear to have been reasonably necessary when it was taken. *See U.S. E.E.O.C.*, 213 F.3d at 620-21. *See also Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391. Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition cost "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Defendant asserts that the costs incurred in connection with Plaintiff's deposition were reasonably and necessarily incurred. In support thereof, Defendant notes that relevant transcript excerpts and exhibits from Plaintiff's deposition were filed with the Court in support of Defendant's summary judgment motion. Defendant further notes that the Court's Order on Cross-Motions for Summary Judgment [DE 86] cites to Plaintiff's deposition transcript. Defendant's arguments are well-taken, and Plaintiff has not filed any response to show that the deposition was

3

not necessary for use in this case.  Thus, based on the record before the Court, Plaintiff's deposition was reasonably necessary when taken, and the deposition transcript was necessarily obtained for use in this case.  Therefore, the undersigned recommends that the deposition costs sought, in the total amount of $1,586.43, be awarded.

### IV.     CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the District Court enter an Order **GRANTING** the Motion [DE 95], and awarding Defendant costs in the amount of **$1,586.43**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida on this 18th day of March 2020.

*[signature]*
Jared M. Strauss
United States Magistrate Judge